Form 2030 13 Cuervo

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Joseph Cuervo and
Mary E. Cuervo,
Debtors.

Case No. 17-20492 GLT

Chapter 13

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. Sec. 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered to or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ..................................................$ *

   *Compensation is based upon an hourly rate of $300.00 per hour.

   Prior to the filing of this statement I have received ..................................$ 2,500**

   ** From these fund $870.00 was applied in payment of pre-petition legal services and $380.00 was applied in payment of pre-petition costs including the Debtors' chapter 13 filing fee. $1,250 remained to be used a retainer this case.

   Balance due ..........................................................................................................$ ***

   *** As specifically approved by the Court if legal fees exceed the "no look amount". This is not a "no look" fee agreement whether the legal fees for the case are less than or exceed the "no look" amount.

2. The source of the compensation paid to me was:

   ☒ Debtor    ☐ Other (specify)

3. The source of the compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members and associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of financial affairs and

**EXHIBIT " A "**

plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearing thereof;

d. Representation of the debtor in adversaries and other contested bankruptcy matters; subject to the exclusions set forth in the Engagement Agreement;

e. Other provisions as needed:

**Engagement Agreement**: The debtor(s) Engagement Agreement with Counsel is attached hereto and incorporated herein by reference.

**Right to Withdraw**: The Firm retains the right, subject to court approval, to withdraw from representing the debtor(s) if the debtor(s) do not honor the terms of the engagement agreement.

**Certification of Counsel**: I, Gary W. Short, Esquire ("Counsel"), hereby certify under penalty of perjury that I am duly admitted to practice in the Commonwealth of Pennsylvania and in this Court, that I maintain an office for the practice of law at 212 Windgap Road, Pittsburgh, PA 15237, that to the best of my knowledge, information, and belief, I do not have any connection with the above-named Debtor, their creditors, or any other party in interest herein, except that I represent said Debtor in this proceeding and that I am a "disinterested person" in this proceeding within the meaning of 11 U.S.C. §101(14).

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services: see engagement agreement.

---

### CERTIFICATION

I certify that the following is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| March 5, 2017 | /s/ Gary W. Short |
|---|---|
| Date | Signature of Attorney |
| | The Law Firm of Gary W. Short |
| | Name of Law Firm |

## Chapter 13 Engagement Agreement

1. **Initial Payments**: The law firm of Gary W. Short (the "Firm") agrees to represent the undersigned in a Chapter 13 bankruptcy proceeding (the "Case") with compensation to be based upon an hourly fee basis. A timely initial payment of $2,500.00 is required ("Initial Payment") before the Firm is obligated to represent you. As of __2/9/17__, you have paid the Firm $__2500.00__. The Initial Payment was applied in payments of pre-filing legal fees of $__870__ and costs of $__380__. The remainder of $__1250.00__ is a retainer for the Case.

2. **Balance of Legal Fees**: The Firm agrees to accept payment of the balance of its fees and expenses in monthly payments from the Chapter 13 Trustee which are to be funded by your plan payments. If the Case is dismissed you are obligated to pay the unpaid balance of the Firm's charges within thirty days.

3. **Court Filing Fee**: Your $310 court filing fee will be paid from the $2,500 payment.

4. **Services**: The Firm will prepare and file all pleadings and documents and attend all hearings, conferences, and meetings which are reasonably necessary to prosecute the Case subject to the exception that the Firm is not obligated to undertake litigation which the Firm believes that you cannot afford. The rate for the Firm's services is three hundred dollars per hour plus out of pocket expenses. This agreement covers this Case only.

5. **Your Obligations**: You agree to timely supply the Firm with all of the information needed for the Case, attend your 341 meeting, cooperate with the Firm so that it can properly represent you, and timely make your Chapter 13 plan payments, pay any Court filing fee, file all delinquent tax returns, and submit automatic bank debit forms to the Firm (if applicable) for submission to the Chapter 13 Trustee (the "Obligations"). If the Firm notifies you in writing that you are not making a reasonable effort to fulfill the Obligations and you do not timely inform the Firm that you want your Case to continue and provide reasonable assurances that your will perform the Obligations, the Firm may on your behalf file a consent to dismissal or motion to dismiss the Case or a motion to withdraw as your counsel.

6. **Disclosure**: I am required to advise you that I am a debt relief agency which helps people file for bankruptcy relief under the Bankruptcy Code.

This is not a flat fee agreement. You are charged on an hourly basis. Initial __JC__ __MC__

Contract Terms agreed to by:

__[signature]__ ✓                                                         Dated: __2/8/16__
Joseph Cuervo

__[signature]__ ✓                                                         Dated: __2-8-16__
Mary Cuervo

__Gary W. Short__                                                         Dated: __3/5/17__
Gary W. Short

Chapter 11 engage agreement Cuervo

## Chapter 11 Engagement Agreement
## Joseph Cuervo and Mary E. Cuervo

**1. Engagement:** Gary W. Short ("Counsel") agrees to represent Joseph Cuervo and Mary E. Cuervo ("Clients") in a Chapter 11 bankruptcy proceeding on a hourly fee basis plus expenses in accordance with the terms of this agreement. Counsel's hourly rate is three hundred dollars. This Agreement is applicable to a chapter 11 at case no. 17- 20492 only and does not apply to any other chapter 11 or bankruptcy chapter.

**2. Counsel's Scope of Representation:** Counsel's representation includes performing all reasonable and necessary bankruptcy legal services to obtain approval of a plan of reorganization. If Clients are unable to pay for Counsel's services or if Clients demand substantial litigation services for which Clients cannot provide reasonable assurances of the ability fund payment of said services, Counsel reserves the right with Court approval to withdraw from representing Clients.

**3. Clients's Duties:** Clients agrees to (a) make monthly deposits to Counsel as set forth below in paragraph 4, (b) promptly supply the Counsel with all the information and documents which are needed to prosecute the Chapter 11, (c) attend a meeting with the U.S. Trustee and a Section 341 meeting, (d) promptly respond to all letters, e-mails, telephone calls, and other communications from the Counsel concerning the chapter 11, (e) timely file Chapter 11 monthly operating reports, (f) pay the Counsel's fees and expenses as set forth in this agreement, (g) advance any adversary filing fees which are required in the case, and (h) fully cooperate with the Counsel so that Counsel he can properly represent Clients. Clients retains the right to seek substitute counsel at any time.

**4. Monthly Deposit for Fees and Expenses:** During each month of the Chapter 11 beginning 30 days after the commencement of the chapter 11, Clients shall deposit with the Counsel $1,500.00 per month to partially fund Counsel's legal services and costs. These funds will be held in escrow until Court authorization is obtained to apply these funds toward payment of Counsel's legal fees and expenses. In the event the monthly deposits are not sufficient to pay Counsel's legal fees and expenses, Clients shall pay the balance owed upon Court approval. Upon completion of the chapter 11, any excess monthly deposits shall be refunded to Clients.

Contract Terms agreed to by:

_____   Dated: 2-27-17
Joseph Cuervo

_____   Dated: 2-27-17
Mary E. Cuervo

_____   Dated: 3/6/17
Gary W. Short, Esquire

**In the United States Bankruptcy Court**
**for the Western District of Pennsylvania**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-20492 GLT |
| Joseph Cuervo and Mary E. Cuervo, | ) | Chapter 11 |
| Debtors. | ) | Document No. |

**VERIFICATION STATEMENT PURSUANT TO BANKRUPTCY RULE 2014**

I, Gary W. Short, Esquire ("Counsel"), declare that I have read the averments set forth in the MOTION TO APPROVE EMPLOYMENT OF ATTORNEY filed on April 4, 2017 at Case No. 17-20492 GLT and that said averments are true and correct to the best of my knowledge, information and belief, including the averments of paragraph 5 which state:

> 5. To the best of the Debtors' knowledge, Counsel does not have any connection with the Debtors' creditors or any other party in interest, or their respective attorneys. Based upon Exhibit "A" which is Applicant's Disclosure of Compensation, Chapter 13 Engagement Agreement, Chapter 11 Engagement Agreement, and Verification Statement Pursuant to Bankruptcy Rule 2014, Debtors believe that Counsel does not represent any interest materially adverse to the Debtors or their estate in the matters upon which Counsel is to be engaged for the Debtors and that Counsel's employment will be in the best interests of the Debtors and the Debtors' estate.

Further, I declare that I do not have any connection with the Debtors' creditors or any other party in interest, or their respective attorneys other than representing the Debtors as their attorney in connection with Bankruptcy Case No. 17-20492 GLT nor do I, nor anyone in my law firm, have any connection with any creditor or any party in interest, their respective attorneys and accountants, the Unites States Trustee, or any person employed in the office of the Unites States Trustee. The Verification is made under penalty of perjury. This certification is as of February 9, 2017.

Respectfully submitted,

Executed on April 4, 2017
/s/ Gary W. Short
Gary W. Short, Esquire (PA Bar I.D. No. 36794)
212 Windgap Road, Pittsburgh, PA 15237
Tele. (412) 765-0100 / Fax (412) 536-3977
E-mail garyshortlegal@gmail.com