## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 17-20492 GLT |
| JOSEPH CUERVO<br>MARY E. CUERVO<br>　　Debtors, | |
| | Chapter 11 |
| COMMONWEALTH OF<br>PENNSYLVANIA, PENNSYLVANIA<br>DEPARTMENT OF REVENUE<br>　　Movant | Hearing Date: February 22, 2018<br>Time:   10:00am |
| vs. | Related to Document No. 129<br>Document No. |
| JOSEPH CUERVO<br>MARY E. CUERVO<br>　　Respondents | |

## STIPULATION AND AGREEMENT BETWEEN THE DEBTOR
## AND THE PENNSYLVANIA DEPARTMENT OF REVENUE

**IT IS HEREBY STIPULATED AND AGREED** by and between Joseph Cuervo and Mary E. Cuervo Debtors, and the Commonwealth of Pennsylvania, Department of Revenue, as represented by the Office of Attorney General, by Robert C. Edmundson, Senior Deputy Attorney General, as follows:

1.　　The Pennsylvania Department of Revenue has asserted claims against the above referenced Debtor which consist of the following:[1]

　　A.　　Administrative……………………………………………undetermined

　　B.　　Secured……………………………………………......…$-0-

　　C.　　Priority………………………………………………………$31,745.00

　　D.　　Unsecured Non-Priority……………………………………...$638.82

---

[1] The Debtor agrees not to challenge the amount or classification of the aforesaid claims.

2. Revenue's claim shall be paid pursuant to the proposed Bankruptcy Plan in the manner required by 11 U.S.C. 1129(a)(9)(a)(c) and more specifically payment will be made as follows:

A). The administrative claim is undetermined because the Debtors 2017 PA personal income tax return has not been filed. The Debtor will make an estimated payment on or before April 15, 2018 representing payment of this obligation. Any remaining balance will be paid no later than the date the personal income tax return is filed or the date the Debtors residence is sold, whichever shall first occur.

B). The Debtor will remit monthly payments of $585.00 commencing on the Plan Effective Date for a period of 60 months representing full payment of the priority claim, with statutory interest of 4% per annum. In the event the Debtors residence is sold during this 60 month period, any remaining balance shall be paid in full from the sale proceeds at the closing. If the closing does not occur within 365 days of the Plan Confirmation Date or if the outstanding balance is not paid at the closing, the Debtor will forfeit any claim of an exemption from the share of the Pennsylvania Realty Transfer Tax (72 P.S. 8101-C) payable to the Pennsylvania Department of Revenue that it may otherwise be entitled to pursuant to 11 U.S.C. 1146.

C). The unsecured penalty claim of $638.82 shall be treated in the same manner as the other unsecured creditors and shall deemed voted in favor of the Plan.

3. All payments specified in paragraph 2 shall be made to the Office of Attorney General, to the attention of Robert C. Edmundson, Manor Complex, 564 Forbes Avenue, Pittsburgh, Pennsylvania 15219.

4. The Pennsylvania Department of Revenue may apply each monthly payment to the claim for unpaid taxes and interest as Pennsylvania law requires.

5. All statutes of limitations on the collection of any Commonwealth taxes due from the Debtor or involved in the plan are suspended during the pendency of the bankruptcy proceeding and the term of this stipulation and agreement, and for one year thereafter.

6. In the event that the Debtor fails to make any of the payments specified in paragraph 2 or incurs and fails to pay post confirmation tax obligations timely, the Commonwealth of Pennsylvania may pursue collection of the outstanding balance of the account utilizing its statutory remedies. However, the Pennsylvania Department of Revenue must provide notice of a default to the Debtors at their last known address and allow the Debtors 30 days to cure the default prior to initiating any legal action to collect the outstanding balance.

7. No tax liability accruing prior to the confirmation of the plan is discharged until paid in full, except general unsecured creditors shall be paid as provided in the Plan.

8. To the extent that any Commonwealth tax liens attached to any property owned by the Debtor as of the date of the filing of the petition in this case, such property shall remain subject to such Commonwealth tax liens until such time as the amount of liens has been fully satisfied.

9. The Debtor shall timely file and pay all taxes incurred from the date of Plan Confirmation through the time that all obligations due pursuant to this Stipulation are paid in full.

10. Until such time as all obligations due pursuant to this Stipulation are paid in full, the Commonwealth may administratively apply any tax credits or refunds otherwise owed to the Debtors to any outstanding indebtedness.

11. Any tax, interest and penalty not encompassed within this Stipulation that is subsequently determined to be owing shall be paid by an increase in the specified monthly payments and no priority or administrative tax liability shall be deemed discharged until paid in full.

12. The priority claims asserted by the Commonwealth in the instant bankruptcy shall be afforded no lower priority in any subsequent bankruptcy the Debtors may file prior to the completion of the payments required by this Stipulation.

13. This Stipulation and Agreement shall be deemed incorporated in the Plan of Reorganization and shall supercede the terms of such Plan in the event of a conflict between the documents

|  | JOSH SHAPIRO |
|---|---|
|  | ATTORNEY GENERAL |

/s/ Gary William Short
Gary William Short, Esquire
212 Windgap Road
Pittsburgh, PA 15237
Phone: 412-765-0100
Email: garyshortlegal@gmail.com

Counsel for Debtors,
Joseph Cuervo
Mary E. Cuervo

Robert C. Edmundson
Robert C. Edmundson
Senior Deputy Attorney General
Office of Attorney General
564 Forbes Avenue, 5th Floor
Manor Complex
Pittsburgh, PA 15219
(412) 565-2575
Email: redmundson@attorneygeneral.gov

**It is so ORDERED,**

_____
**UNITED STATES BANKRUPTCY JUDGE**