**FILED**

**MAR 08 2018**

**CLERK, U.S. BANKRUPTCY COURT**
**WEST DIST. OF PENNSYLVANIA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOSEPH CUERVO AND | ) Bank. No. 17-20492 GLT |
| MARY E. CUERVO, | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Related to |
| Movant, | ) Document No. 129 |
| | ) |
| vs. | ) |
| | ) |
| | ) Hearing Date: March 8, 2018 @ 11am |
| | ) |
| JOSEPH CUERVO AND | ) |
| MARY E. CUERVO, | ) |
| | ) |
| Respondents. | ) |

## STIPULATION AND AGREED ORDER

IT IS HEREBY STIPULATED and AGREED by and between Joseph Cuervo and Mary E. Cuervo, Debtors, and the United States of America, as represented by Scott W. Brady, United States Attorney for the Western District of Pennsylvania, as follows:

1. The prepetition claim of the Internal Revenue Service in the total amount of $1,262,758.96 (or such other amount as may be finally determined) shall be paid as follows:

    a. The unsecured priority claim totaling $355,339.38, together with interest thereon at the rate of 4 percent per annum, shall be paid in monthly installments of $6,544.12 over a sixty (60) month period. The first such installment shall be due on the plan effective date, and each subsequent payment shall be due on the same day of each following month thereafter until such time as the amount of such claim plus interest has been fully paid.

    b. The general unsecured claim of $907,419.58 shall be paid by a 30% distribution thereon payable in 120 equal monthly payments beginning on the Plan Effective Date. These payments shall be applied first to the oldest tax, then penalty, and then to interest. No more than 30% of these payments shall be applied to penalties. Upon completion of the 120 payments, the remaining tax and interest shall remain nondischargeable but the remaining penalties will be dischargeable. Any payments made by the Debtors after the 120 payments are completed shall be deemed designated by the Debtors to be applied first to non-dischargeable tax and then to non-dischargeable interest until the nondischargeble tax and interest are paid in full. None of the additional payments shall be applied to the penalties.

  2. Any unpaid federal tax liabilities of the Debtors arising between the filing of the petition in this case and the confirmation of the plan of reorganization will be paid in full on or before the plan effective date.

  3. All monthly payments specified in paragraph 1 above shall be made payable to the United States Treasury and sent to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

  4. Any refunds or credits to which the Debtors may become entitled at any time before the tax liability mentioned in paragraph 1 has become fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the Debtors prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

  5. In the event that the Debtors fail to make any of the payments specified in paragraph 1 above or fail to comply with any of their postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the Debtors' assets, including exempt property.

Notwithstanding the foregoing, the Debtors shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the Debtors.

6. The period allowed to the Internal Revenue Service under I.R.C. § 6502(a) to collect the assessed taxes, interest, penalties, and any other additions thereon, which are still owed by the Debtors after the plan effective date shall be suspended for the period of time that payment of these tax debts is made according to this Stipulation and Agreement, unless and until a substantial default of these payments shall occur, and for six months thereafter in accordance with I.R.C. § 6503(h)(2). A substantial default regarding payments shall have occurred when a payment of the tax debt required by this Stipulation has not been timely made, the Service has provided the Debtors with written notice of the default, and the Debtors have failed to cure the default within 30 days of the Service mailing written notice of default to the Debtors.

7. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the Debtors complete payment in accordance with this Stipulation.

8. Should the Debtors file another bankruptcy petition before completing the terms of this Stipulation, this Stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they do in this case.

9. Upon execution and approval of this Stipulation, IRS agrees that Class 4 is removed from the Amended Plan of Reorganization, the Class 4 claim is now treated as a Class 5 class claim, and the IRS accepts the Class 5 treatment of its Class 5 claim.

10. This Stipulation shall be deemed incorporated in the confirmed plan of reorganization and shall control the treatment of the federal tax claims in this case.

                                      SCOTT W. BRADY
                                      United States Attorney

                                      BY: /s/ Jill Locnikar
                                      Jill Locnikar
                                      Assistant U.S. Attorney
                                      Joseph F. Weis, Jr. United States Courthouse
                                      700 Grant Street, Suite 4000
                                      Pittsburgh, PA  15219
                                      (412) 894-7429
                                      PA ID No. 85892
                                      Jill.locnikar@usdoj.gov

/s/ Gary W. Short
Gary W. Short
Counsel for Debtor
212 Windgap Road
Pittsburgh, PA  15237
412-765-0100
PA ID. No. 36794
gwshort@verizon.net

It is so ordered.

_____
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| JOSEPH CUERVO AND MARY E. CUERVO, | ) Bank. No. 17-20492 GLT<br>) Chapter 11 |
| Debtors. | ) |
| UNITED STATES OF AMERICA, | ) |
| Movant, | ) Related to<br>) Document No. 129 |
| vs. | ) Hearing Date: March 8, 2018 @ 11am |
| JOSEPH CUERVO AND MARY E. CUERVO, | ) |
| Respondents. | ) |

## STIPULATION AND AGREED ORDER

IT IS HEREBY STIPULATED and AGREED by and between Joseph Cuervo and Mary E. Cuervo, Debtors, and the United States of America, as represented by Scott W. Brady, United States Attorney for the Western District of Pennsylvania, as follows:

1. The prepetition claim of the Internal Revenue Service in the total amount of $1,262,758.96 (or such other amount as may be finally determined) shall be paid as follows:

a. The unsecured priority claim totaling $355,339.38, together with interest thereon at the rate of 4 percent per annum, shall be paid in monthly installments of $6,544.12 over a sixty (60) month period. The first such installment shall be due on the plan effective date, and each subsequent payment shall be due on the same day of each following month thereafter until such time as the amount of such claim plus interest has been fully paid.

Bank. No. 17-20492 GLT        - 2 -

        b. The general unsecured claim of $907,419.58 shall be paid by a 30% distribution thereon payable in 120 equal monthly payments beginning on the Plan Effective Date. These payments shall be applied first to the oldest tax, then penalty, and then to interest. No more than 30% of these payments shall be applied to penalties. Upon completion of the 120 payments, the remaining tax and interest shall remain nondischargeable but the remaining penalties will be dischargeable. Any payments made by the Debtors after the 120 payments are completed shall be deemed designated by the Debtors to be applied first to non-dischargeable tax and then to non-dischargeable interest until the nondischargeble tax and interest are paid in full. None of the additional payments shall be applied to the penalties.

    2.    Any unpaid federal tax liabilities of the Debtors arising between the filing of the petition in this case and the confirmation of the plan of reorganization will be paid in full on or before the plan effective date.

    3.    All monthly payments specified in paragraph 1 above shall be made payable to the United States Treasury and sent to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

    4.    Any refunds or credits to which the Debtors may become entitled at any time before the tax liability mentioned in paragraph 1 has become fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the Debtors prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

    5.    In the event that the Debtors fail to make any of the payments specified in paragraph 1 above or fail to comply with any of their postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the Debtors' assets, including exempt property.

Bank. No. 17-20492 GLT      - 3 -

Notwithstanding the foregoing, the Debtors shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the Debtors.

6. The period allowed to the Internal Revenue Service under I.R.C. § 6502(a) to collect the assessed taxes, interest, penalties, and any other additions thereon, which are still owed by the Debtors after the plan effective date shall be suspended for the period of time that payment of these tax debts is made according to this Stipulation and Agreement, unless and until a substantial default of these payments shall occur, and for six months thereafter in accordance with I.R.C. § 6503(h)(2). A substantial default regarding payments shall have occurred when a payment of the tax debt required by this Stipulation has not been timely made, the Service has provided the Debtors with written notice of the default, and the Debtors have failed to cure the default within 30 days of the Service mailing written notice of default to the Debtors.

7. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the Debtors complete payment in accordance with this Stipulation.

8. Should the Debtors file another bankruptcy petition before completing the terms of this Stipulation, this Stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they do in this case.

9. Upon execution and approval of this Stipulation, IRS agrees that Class 4 is removed from the Amended Plan of Reorganization, the Class 4 claim is now treated as a Class 5 class claim, and the IRS accepts the Class 5 treatment of its Class 5 claim.

10. This Stipulation shall be deemed incorporated in the confirmed plan of reorganization and shall control the treatment of the federal tax claims in this case.

Bank. No. 17-20492 GLT        - 4 -

/s/ Joseph
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Debtor

BY:_____

SCOTT W. BRADY
United States Attorney

Jill Locnikar
Assistant U.S. Attorney
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA. 15219
(412) 894-7429
PA ID No. 85892
Jill.locnikar@usdoj.gov

/s/ Mary
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Debtor

It is so ordered.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Joseph Cuervo  
Mary E. Cuervo  
    Debtors

Case No. 17-20492-GLT  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: dkam      Page 1 of 1      Date Rcvd: Mar 08, 2018  
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 10, 2018.  
db/jdb        +Joseph Cuervo,    Mary E. Cuervo,    8000 Sherwood Drive,    Presto, PA 15142-1078

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                  TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 10, 2018                                   Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 8, 2018 at the address(es) listed below:

         Anthony T. Kovalchick    on behalf of Creditor Dep't of Revenue    Office of Attorney General akovalchick@attorneygeneral.gov  
         Gary William Short    on behalf of Joint Debtor Mary E. Cuervo garyshortlegal@gmail.com, gwshort@verizon.net  
         Gary William Short    on behalf of Debtor Joseph  Cuervo garyshortlegal@gmail.com, gwshort@verizon.net  
         James  Warmbrodt    on behalf of Creditor  The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR8, Mortgage Pass-Through Certificates, Series 2006-AR8 bkgroup@kmllawgroup.com  
         Jill  Locnikar    on behalf of Creditor  United States of America Department of the Treasury, Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;deborah.verrilla@usdoj.gov;caseview.ecf@usdoj.gov  
         Larry E. Wahlquist    on behalf of U.S. Trustee  Office of the United States Trustee larry.e.wahlquist@usdoj.gov  
         Mario J. Hanyon    on behalf of Creditor  The Bank Of New York Mellon et al pawb@fedphe.com  
         Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
         Peter J. Ashcroft    on behalf of Creditor  Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com  
         Robert C. Edmundson    on behalf of Creditor  Office of Attorney General Department of Revenue redmundson@attorneygeneral.gov  
         S. James Wallace    on behalf of Creditor  Peoples Natural Gas Company LLC sjw@sjwpgh.com, Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com

                                                                                  TOTAL: 11